UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
VIKKI D. LEWIS, Individually and                              :
on Behalf of All other persons similarly situated,            :
                                                              :
                                  Plaintiffs,           :   CV 06-1308 (DRH)(ARL)
                                                              :
           -against-                                      :   **Electronically Filed**
                                                              :
NATIONAL FINANCIAL SYSTEMS, INC.                              :   **Oral Argument Requested**
                                                              :
                                  Defendant.           :
------------------------------------------------------------- x

**REPLY BRIEF IN SUPPORT OF PLAINTIFFS'
MOTION FOR CONDITIONAL COLLECTIVE AND CLASS
CERTIFICATION OF THEIR WAGE AND HOUR CLAIMS**

LIDDLE & ROBINSON, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y. 10022
(212) 687-8500

# **TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT

    I.    LEGAL ANALYSIS AND ARGUMENT ........................................................ 1

        A.    The Motion for Certification is Timely .................................................. 1

        B.    Plaintiffs Have Alleged the Necessity of the FLSA Action ................... 5

        C.    Plaintiffs Have Adequately Specified Those Similarly Situated ........... 6

        D.    The NYLL Provides for Class Certification .......................................... 7

        E.    Plaintiffs Have Met the Requirements for a Rule 23 Class Action ....... 7

        F.    Plaintiffs Have Demonstrated a Need For a
            Class Action, Yet NFS Has Inhibited Discovery ................................... 8

    II.    PLAINTIFFS HAVE ESTABLISHED GOOD CAUSE
        FOR THE EXTENSION OF DISCOVERY ................................................... 9

    III.    RELIEF REQUESTED ................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

## Cases

Blesedell v. Mobil Oil Co., 708 F. Supp. 1408, 1422 (S.D.N.Y. 1989). ..........................4

Coheleach v. Bear Stearns & Co., Inc. 440 F. Supp 2d 338, 340 (S.D.N.Y. 2006)...........1

Hammond v. Lowe's Home Centers, Inc., 2006 WL 2522527 at *1 (D. Kan. Feb. 6, 2006)................................................................................................................................2

Heerwagen v. Clear Channel Communications, 435 F.3d 219, 233-234 (2d Cir. 2006)...8

Legrand v. New York City Transit Auth. No. 95-CV-0333, 1999 WL 342286, *3 (S.D.N.Y. 2004) ..........................................................................................................9

Noble v. 93 University Place Corporation, 22 F.R.D.330, 340-341 (S.D.N.Y. 2004) ......7

Prickett v. DeKalb, County, 349 F.3d 1294, 1296 (11th Cir. 2003)...................................4

Prizmic v. Armour Inc., 2006 WL 1662614, *3 (E.D.N.Y., June 12, 2006). .................5, 8

Sanchez v. Turner, No. 1674 (AGS), 2002 WL 1343754 at *1 (S.D.N.Y. 2002). .............2

## Statutes

Federal Rule of Civil Procedure 20..................................................................................... 1

Federal Rule of Civil Procedure 23........................................................................1, 4, 7, 8,

Federal Rule of Civil Procedure 23(a)(1).......................................................................4, 10

Federal Rule of Civil Procedure 26(f)..................................................................................3

NYCPLR § 901 ....................................................................................................................7

Plaintiff Vikki Lewis, and all other individuals similarly situated ("Plaintiffs" or "Plaintiff Class"), by their attorneys, submit this reply memorandum in further support of their Motion for Conditional Collective and Class Certification of Their Wage and Hour Claims.

## I. LEGAL ANALYSIS AND ARGUMENT

### A. The Motion for Certification is Timely

The Motion for Class Certification is timely as to both FLSA Conditional Certification and NYLL Class Certification. In its Opposition Brief, Defendant National Financial Systems, Inc. ("NFS") mischaracterizes the Scheduling Order's (DE #6) deadline for joinder of additional parties as constituting a deadline for a motion for class certification under Federal Rule of Civil Procedure 23 and Conditional Certification under the FLSA. (Def. Memo at 3-4). In fact, there was no deadline set by the Court in the Scheduling Order for filing either motion. Plaintiffs filed the instant motion following Magistrate Judge Lindsay's August 9, 2006 Order, which held that Plaintiffs' must file a Conditional Certification motion under the FLSA before conducting discovery. (DE #10)

In support of its argument that the Scheduling Order bars the instant motion, NFS references cases that are clearly distinguishable from the issues that arise in this case. In Coheleach, the Court required a plaintiff to proceed with his FLSA claims as an individual one rather than a class because no additional plaintiffs sought to "opt-in." Coheleach v. Bear Stearns & Co., Inc. 440 F. Supp 2d 338, 340 (S.D.N.Y. 2006). Here, by contrast, Pamela Febo and Marrion Bussie "opted in" by providing "Notice of Consents" that were both

1

electronically filed on September 21, 2006. (DE #s 11 and 12) Moreover, because Magistrate Judge Lindsay's August 9 Order held that conditional certification take place <u>before</u> discovery take place, including the discovery of names and addresses of potential class members, NFS cannot argue that the fact that more potential plaintiffs have not opted in should bar class or conditional certification, since those potential class members have not been given notice of the pendency of this action or the right to opt in.

In <u>Hammond,</u> unlike this case, the Court's scheduling order specifically set a deadline for "filing a Rule 23 class certification." <u>Hammond v. Lowe's Home Centers, Inc.</u>, 2006 WL 2522527 at *1 (D. Kan. Feb. 6, 2006). In this case, the Scheduling Order did not set a deadline for filing a class or conditional certification motion. In <u>Sanchez</u>, Plaintiffs did not seek remedies related to FLSA or New York Labor Laws but sought remedies related to their rights under the First and Fourteenth Amendments of the United States Constitution and Article I of the New York State Constitution. <u>Sanchez v. Turner</u>, No. 1674 (AGS), 2002 WL 1343754 at *1 (S.D.N.Y. 2002). The Court determined that (a) Sanchez was not adequate representative of the proposed class; and (b) plaintiffs abandoned their class claims and provided "no justification for their failure to move for class certification during the more than two years that this action has been pending." <u>Id</u>. at *3. In this case, Plaintiffs filed their class certification motion within three months of the date the Scheduling Order was filed.

This case was originally filed in New York Supreme Court, Nassau County, on January 24, 2006. NFS removed the state court action to this Court on March 22, 2006. NFS's answer was served on March 29, 2006 and filed on April 13, 2006. (DE #2) Pursuant

to Rule 26(f), Fed. R. Civ. P., the parties met telephonically to discuss the nature and basis of the claims and defenses, the possibilities for prompt settlement, and developed a proposed discovery plan. On April 14, 2006, Plaintiffs' counsel electronically delivered a draft version of a scheduling order to NFS's counsel. Despite the numerous requests by Plaintiffs' counsel for immediate review, NFS failed to provide their edited version of the draft scheduling order until May 16, 2006. NFS would not agree to file a proposed scheduling order before the scheduling of an initial pretrial conference. As a result, on June 2, 2006, Plaintiffs requested that Magistrate Judge Lindsay schedule an initial pretrial conference. (DE #4)

On June 7, 2006, Magistrate Judge Lindsay scheduled an initial conference to take place on July 12, 2006[1] and issued the Scheduling Order, which was entered on June 30, 2006 (DE #6). The Scheduling Order provides that "motions for **joinder of additional parties**" and "motion for amendment of pleadings" are to be completed by "September 27, 2006." The Scheduling Order does **not** provide for a deadline for filing motions for class or conditional certification. Moreover, Magistrate Judge Lindsay's Order of August 9, 2006 quashing Plaintiffs' subpoena for documents supporting the class claims and instructing Plaintiffs to file a conditional certification motion in order to proceed with discovery, makes not mention of any deadline for the motion. (DE #10)

In equating class certification with joinder of additional parties, NFS fails to distinguish the differing requirements of FRCP 20 and 23. FRCP 20 relates to joinder of

---

[1] On June 26, 2006, Plaintiffs informed Magistrate Judge Lindsay that the parties accepted the Court's proposed June 7, 2006 pretrial scheduling order and that the July 12, 2006 initial pre hearing conference should be cancelled.

3

parties and only requires a single common question, not multiple common questions. See Blesedell v. Mobil Oil Co., 708 F. Supp. 1408, 1422 (S.D.N.Y. 1989). Under FRCP 20, the common question need not be the most important or predominant issue in the case. In contrast, FRCP 23 requires that the common questions predominate over individual questions. Furthermore, the prerequisite to a class action expressly excludes joinder of parties of the class. FRCP 23(a)(1) provides "that the class is so numerous that joinder of all members is impracticable." Additionally, FRCP 23 is inapplicable to cases under the FLSA because of the opt-in requirement. Prickett v. DeKalb, County, 349 F.3d 1294, 1296 (11th Cir. 2003). As such, it clear that the Scheduling Order's date for joining additional parties does not govern any date for filing a conditional certification motion under the FLSA or a class certification motion under FRCP 23.

Even if it the Court now finds that the Scheduling Order created a deadline for filing a motion for conditional or class certification, the Court should exercise its inherent power to modify the Scheduling Order because the Scheduling Order was vague and did not clearly establish such a deadline. Moreover, Plaintiffs acted promptly following Magistrate Judge Lindsay's August 9, 2006 Order to file this motion and within four months of the date the Scheduling Order was entered. As such, there is no prejudice to NFS in connection with the filing date of this motion.

## B. Plaintiffs Have Alleged the Necessity of the FLSA Action

Plaintiffs have established that at least two members of the FLSA collective action class are owed overtime compensation and therefore have met the requirements for conditional certification of the FLSA class.

In Prizmic, the plaintiff did not submit any specific facts concerning his employment nor connecting his situation to others that he claims were similarly situated. Prizmic v. Armour Inc., 2006 WL 1662614, *3 (E.D.N.Y., June 12, 2006). The Prizmic plaintiff failed to "describe or submit any documentation showing how he or anyone else employed by defendants were paid, what their job duties were or the hours worked." Id. The plaintiff did not identify a single potential plaintiff even though defendant provided the names of current and former employees. The plaintiff did not "provide the minimum requisite factual showing that he was in an employee-employer relationship with defendants and was denied overtime pay" or even substantiate "his allegation that the same was true of other potential plaintiffs." Id.

In contrast to the plaintiff in Prizmic, Plaintiffs in this case have established a factual nexus between Ms. Lewis's situation and the situation of one other former NFS employee, even though NFS has not supplied any information relating to any employees other than Ms. Lewis. As stated in their respective affidavits, Ms. Lewis is owed $939.18 in overtime for the period beginning March 30, 2001 through October 1, 2005 and Pamela Febo is owed $241.27 in overtime for the period beginning March 14, 2003 through June 3, 2005. Despite

5

NFS's attempt to avoid liability, the Complaint and affidavits executed by Ms. Lewis and Ms. Febo show the necessary factual nexus between Ms. Lewis's situation and the situation of one other NFS employee.

Plaintiffs have thus met the requirements to obtain conditional certification under the FLSA.

### C. Plaintiffs Have Adequately Specified Those Similarly Situated

Plaintiffs have provided evidence of a factual nexus between Ms. Lewis' situation and those similarly situated. Specifically, Ms. Lewis is owed $939.18 in overtime for the period beginning March 30, 2001 through October 1, 2005. See Affidavit of Vikki Lewis. Ms. Febo is owed $241.27 in overtime for the period beginning March 14, 2003 through June 3, 2005. See Affidavit of Pamela Febo.

Plaintiffs sought to identify other NFS employees by subpoenaing NFS's payroll records. Magistrate Judge Lindsay's Order (DE #10) states that "Once the plaintiff seeks conditional certification, the court then has broad discretion to order discovery, including the names and addresses of the potential plaintiffs to facilitate the opt-in process." NFS did not appeal Magistrate Judge Lindsay's Order and cannot now argue that Plaintiffs do not have all the facts to support their claim, when NFS objected to Plaintiffs' discovery of relevant facts. Pursuant to Magistrate Judge Lindsay's Order, Plaintiffs moved for class certification in order to proceed with discovery and show that other NFS employees are entitled to payments.

NFS also argues in a conclusory way that Plaintiffs' proposed collective class for their FLSA claim is "overbroad". (Def. Memo at 8.) However, NFS has failed to provide any

specific rationale for its objection to the proposed class, which is in fact narrowly focused on claims collectors who worked in New York, like Ms. Lewis and Ms. Febo.

### D. The NYLL Provides for Class Certification

Contrary to what NFS says, New York State law does not bar class certification. "Although NYCPLR § 901 precludes the use of the class mechanism where the underlying statute provides for a penalty, § 901 is not a *complete* bar to certification." Noble v. 93 University Place Corporation, 224 F.R.D. 330, 340-341 (S.D.N.Y. 2004). In instances where plaintiffs offer to waive any right to recover liquidated damages under the state statute as a condition of obtaining class certification, New York law authorizes certification. Id.

As stated previously, Plaintiff Vikki Lewis is prepared to waive her right to recover liquidated damages under the state statute as condition of obtaining class certification. NFS asserts that this offer is "legally and factually insufficient." However, NFS fails to cite law that holds this proposal to be inadequate.

### E. Plaintiffs Have Met the Requirements for a Rule 23 Class Action

Plaintiffs have met the requirements for a Rule 23 class action. Plaintiffs satisfy the numerosity, commonality, and typicality requirements of Rule 23. The members of the Class are so numerous that joinder of all members is impracticable. As stated in Plaintiffs' initial Brief, the precise number of such persons is unknown (although it is suspected that the number exceeds 40 people), and the facts on which the calculation of that number can be precisely made are presently within the sole control of NFS.

Moreover, even if Plaintiffs do not presently have sufficient facts justifying class

certification under FRCP 23, they are entitled to discovery of those facts in order to make a class certification motion under FRCP 23, particularly since NFS is in sole possession of these facts.

Accordingly, Plaintiffs request that, if the Court denies FRCP 23 class certification of the state law claim, it allow discovery of facts necessary to support a class certification motion. Such facts would include all the payroll data Plaintiffs sought in the subpoena that Magistrate Judge Lindsay quashed. See Heerwagen v. Clear Channel Communications, 435 F.3d 219, 233-234 (2d Cir. 2006) (discovery is appropriate and sometimes necessary to support a FRCP 23 class certification motion); See also Prizmic, 2006 WL 1662614 at *3 (the Court "may allow discovery to provide Plaintiffs a second opportunity to obtain sufficient evidence of a collective to warrant conditional certification and the notice to opt in.").

### F. Plaintiffs Have Demonstrated a Need For A Class Action, Yet NFS Has Inhibited Discovery

Plaintiffs have shown that a class action is superior to other methods for the fair and efficient adjudication of the controversy. Plaintiffs also meet the "rigorous analysis" test of FRCP 23 requirements.

Plaintiffs have established facts showing that NFS has failed to pay proper overtime pay for at least two individuals. The affidavits submitted with this motion show that the claims arise from the same course of events and that each member might make similar legal arguments to prove NFS's liability. Plaintiffs need not provide a precise quantification of their class, since a court may make "common sense assumptions." Legrand v. New York

City Transit Auth. No. 95-CV-0333, 1999 WL 342286, *3 (S.D.N.Y. 2004). NFS has opposed Plaintiffs' effort to conduct discovery in order to establish the existence of other individuals with potential overtime claims against NFS. The necessary information is believed to be electronically stored and easily accessible to NFS. However, NFS has so far refused to provide the names, addresses, and payroll information of potential class members.

## II. PLAINTIFFS HAVE ESTABLISHED GOOD CAUSE FOR THE EXTENSION OF DISCOVERY

Plaintiffs have established good cause for extending the discovery cutoff date. NFS has not disclosed any information regarding potential members of the class. NFS has also attempted to mislead the Court by stating that Plaintiffs had eleven months to conduct discovery. (See Def. Memo at 14). This is simply untrue. NFS first served their Answer to the Complaint in late March 2006. NFS then refused to respond to Plaintiffs' request to finalize a draft of the scheduling order. NFS also refused to file a proposed scheduling order and Plaintiffs were compelled to seek judicial intervention just to schedule a pretrial conference. (DE # 4) The Scheduling Order was not entered until June 30, 2006. (DE # 6). Shortly thereafter Plaintiffs served the subpoena that was the subject of NFS's motion to quash on July 27, 2006. (DE #8) NFS did not make its initial disclosures under FRCP 26(a) until July 17, 2006. Thus, in fact, Plaintiff had less than one month to conduct discovery from the date the Scheduling Order was entered. Magistrate Lindsay's August 9 Order effectively brought discovery to a stand still.

NFS also grossly misstates the substance of Magistrate Judge Lindsay's August 9, 2006 Order. Despite NFS's assertion, Magistrate Lindsay did not hold that Plaintiffs may not

9

conduct discovery on any proposed class members until they <u>opt in</u>. Instead, the Court stated that <u>conditional class certification</u> (not the opt-in process) must occur before discovery can proceed. Plaintiffs have already submitted three written consents. Plaintiffs intend to submit additional written consents following the production of the names, addresses, and payroll information of the potential class members.

NFS has also failed to establish any potential injury associated with a discovery deadline extension. Plaintiffs have established good cause for extending the discovery cutoff date and NFS will not prejudiced by the extension.

### III. RELIEF REQUESTED

Plaintiffs request entry of an Order (1) certifying this action as a collective and a class action; (2) appointing Plaintiff Vikki Lewis as class representative; (3) appointing Liddle & Robinson L.L.P. and Berger & Gottlieb as co-class counsel; (4) extending the discovery cutoff date; (5) granting Plaintiff discovery of payroll data as well as the names and addresses of the members of the proposed class and (6) granting such other relief as the Court deems just and proper. Plaintiffs also reassert their request for oral argument on the Motion for Class Certification.

Respectfully submitted,
**LIDDLE & ROBINSON, L.L.P.**

/s/ *[signature]*

Ethan A. Brecher
Counsel for Plaintiffs
800 Third Avenue
New York, New York 10022
(212) 687-8500
Dated: December 22, 2006

Jeffrey M. Gottlieb
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795