UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
VIKKI D. LEWIS, Individually and on
Behalf of All other persons similarly situated,

                    **MEMORANDUM & ORDER**

                Plaintiffs,

                    Civil Action No. 06-1308
     -against-                    (DRH) (ARL)

NATIONAL FINANCIAL SYSTEMS,
INC.
                Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**For the Plaintiffs:**
**Liddle & Robinson, LLP**
800 Third Avenue
New York, New York 10022
By: Ethan A. Brecher, Esq.

**Berger & Gottlieb**
150 East 18th Street, Suite PHR
New York, New York 10003
By: Jeffrey M. Gottlieb, Esq.

**For the Defendant:**
**Bilzins Sumberg Baena Price & Axelrod LLP**
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131-5340
By: Patrick E. Gonya, Jr., Esq.

**Otterbourg, Steindler Houston & Rosen, P.C.**
**230 Park Avenue**
**New York, New York 10169**
By: Erik B. Weinick, Esq

**HURLEY, Senior District Judge:**

      Plaintiff, Vikki D. Lewis, on behalf of herself and all others similarly situated

("Plaintiffs"), moves for an Order (1) certifying this wage and hour action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., as a collective action pursuant to 29 U.S.C. § 216(b); (2) certifying this wage and hour action under the New York Labor Law as a class action under Rule 23 of the Federal Rules of Civil Procedure; (3) appointing Vikki Lewis as class representative; (4) appointing Liddle & Robinson LLP and Berger & Gottlieb as co-class counsel; and (5) extending the discovery cut-off date and granting Plaintiffs discovery of payroll data as well as the names and addresses of the members of the proposed class.  For the reasons set forth below, the motion is granted in part and denied in part.

## *Background*

National Financial Systems Inc.  ("Defendant" or "NFS") is a debt collection agency with offices in New York and Florida.  Plaintiff Vikki Lewis ("Lewis") was employed by NFS as a debt collector at its Hicksville, New York office location from March 2001 through September 2005.  On March 22, 2006, Lewis filed this action on behalf of herself and all other similarly situated individuals for unpaid wages for hours worked and unpaid overtime pursuant to the Federal Fair Labor Standards Act ("FLSA") and for unpaid overtime and for non-payment of any kind for hours worked pursuant to the New York State Labor Law  §§ 650 et seq and implementing regulations.  Subsequent to Lewis filing this action, two other debt collectors employed by NFS opted into this action.  Plaintiffs claim that NFS paid its collectors overtime at a rate officially called the "coefficient system."  Under the coefficient system's formula, "the more hours you worked, the less the hourly rate for overtime."  Use of the formula resulted in overtime being paid at the rate of approximately one-half the employee's regular rate of pay.

*Discussion*

### I. *Timeliness of the Application*

As an initial matter, Defendant has raised the timeliness of Plaintiffs' application, arguing for its denial on the basis it was not made before the deadline set forth in the scheduling order entered in this matter. As set forth below, the Court finds that the application is not untimely.

Defendant's timeliness argument may be fairly summarized as follows: Pursuant to the pre-trial scheduling order entered in this case, motions for joinder of additional parties and motions for amendment of pleadings were to be completed by September 27, 2006. As the motion for certification "seeks to add parties, and by doing so, amend the pleadings," it was required to be complete by September 27, 2006. In fact, the motion was filed on October 26, 2006, allegedly one month too late.

Contrary to Defendant's position, the scheduling order did not require the instant application to be filed by September 27, 2006. The scheduling order did not set any deadline for Plaintiffs to seek certification of either the collective action or the class action. The deadline to add parties refers to motions pursuant to Rules 19 and 20 of the Federal Rules of Civil Procedure. The deadline to amend pleadings refers to motions pursuant to Rule 15 of the Federal Rules of Civil Procedure. Defendant's argument that a certification motion seeks to add new parties and by doing so amend the pleadings, while perhaps clever, is not well taken. Scheduling order are entered to ensure the orderly and timely progression of matters before the Court and not as a trap for the unwary.

Nor do the cases cited by Defendant provide support for its position. For example, in *Hammond v. Lowe's Home Centers, Inc.,* 2006 WL 2522527 at *1 (D. Kan. Feb. 6, 2006), the

scheduling order specifically set a deadline for "filing a Rule 23 class certification" motion.

Plaintiffs' application for certification of a collective class and a class action is not untimely.

## II. Applicable Legal Principles Under the FLSA

Congress' purpose in passing the FLSA was to "protect all covered workers from substandard wages and oppressive working hours, and 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well being of workers.'" *Barrentine v. Arkansas-Best-Freight System, Inc.,* 450 U.S. 728, 739 (1981) (quoting 29 U.S.C. § 202(a)).  The FLSA is construed by courts "liberally to apply to the furthest reaches consistent with congressional direction." *Tony and Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296 (1985) (internal quotation marks and citation omitted).

Collective actions under the FLSA are authorized by section 216(b) which provides, in pertinent part, as follows:

> An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Unlike a class action pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"),  section 216(b) requires that employees affirmatively opt-in to an FLSA collective action by filing a written consent. *See Masson v.  Ecolab, Inc.,* 2005 WL 2000133 at *13 (S.D.N.Y. Aug.  17, 2005) *; see also Morales v.  Plantworks, Inc.,* 2006 WL 278154, at *1 (S.D.N.Y. Feb.  2, 2006);

4

*Mazur v. Olek Lejbzon & Co.*, 2005 WL 3240472, at *4 (S.D.N.Y. Nov. 30, 2005). Moreover, the requirements of Rule 23 do not apply to the approval of a collective action and, therefore, no showing of numerosity, typicality, commonality, and representativeness need be made. *Id.* "Rather, in deciding whether to authorize a collective action notice under the FLSA, the only issue for the Court is whether plaintiffs have demonstrated that potential class members are 'similarly situated.'" *Id.* (citations and internal quotation marks omitted); *see also Patton v. Thomson Corp.,* 364 F. Supp. 2d 263, 266-67 (E.D.N.Y. 2005) ("The threshold issue in deciding whether to authorize such opt-in notice is to determine whether other employees to whom such notice might be sent are 'similarly situated.'") (citation and internal quotation omitted).

Courts typically employ a two-part process in certifying a collective action. *See, e.g., Flores v. Osaka Health SPA, Inc.,* 2006 WL 695675, at *2 (S.D.N.Y. Mar. 16, 2006). The Court first looks at the pleadings and affidavits to determine whether the class members are similarly situated. *Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 197 (S.D.N.Y. 2006) *(*citing *Scholtisek v. Eldre Corp.,* 22 F.R.D. 381 (W.D.N.Y. 2005)). If the court finds that the putative plaintiffs are similarly situated to the named plaintiffs, the court conditionally certifies the class and permits notice to be sent to the proposed plaintiffs. *See Flores,* 2006 WL 695675, at *2; *Morales,* 2006 WL 278154, at *1. During the second stage, the employer can move to decertify the class if discovery reveals that the plaintiffs are not similarly situated. *See, e.g. Flores*, 2006 WL 695675, at *2; *Morales*, 2006 WL 278154, at *1; *Patton,* 364 F. Supp. 2d at 268.

Neither the FLSA nor its implementing regulations define "similarly situated." *Hoffmann v. Sbarro, Inc.,* 982 F. Supp. 249, 261 (S.D.N.Y. 1997). In this Circuit, "courts have held that

plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.; see also Braunstein v. Eastern Photographic Labs, Inc.*, 600 F.2d 335, 336 (2d Cir. 1978) (noting the court's authority to send notice to "similarly situated' employees "comports with the broad remedial purpose of the Act, which should be given a liberal construction, as well as with the interest of the courts in avoiding multiplicity of suits"); *Morales,* 2006 WL 278154, at *2; *Mazur*, 2005 WL 3240472, at *4; *Patton*, 364 F. Supp. 2d at 267; *Scholtisek*, 229 F.R.D. at 390.  *See generally Jacobs v.  The New York Foundling Hospital*, 483 F. Supp. 2d 251, 265 (E.D.N.Y. 2007) (noting that in addition to existence of common policy or practice, some district courts in this circuit have used the Tenth Circuit's ad hoc approach).

### III. Debt Collectors are Similarly Situated For Purposes of a Collective Action

Plaintiffs have provided satisfactory proof, through the deposition testimony of Defendant's 30(b)(6) witnesses, that Plaintiffs and potential plaintiffs were victims of a common policy or plan that violated the law and therefore have met the requirement of similarly situated.

The first witness, Herman Stephens, testified that from the time he joined NFS in the early 1990's until the latter part of 2003, NFS's written policy, as set forth in its employee manual, was to pay its collection staff overtime pursuant to a formula known as the "coefficient system."  According to Stephens, under the formula overtime was paid at "a little more than half [the employee's] hourly rate."

NFS's second 30(b)(6) witness was David Hernandez, an employee since 1994 and NFS's Director of Compliance from 2002 until the present.   Hernandez confirmed NFS's use of the coefficient system for paying overtime and testified that it was in effect at the time he became

Director of Compliance.  He further testified that the coefficient formula was described in NFS's employee handbook and its use was discontinued after the Department of Labor determined it was inappropriate, but could only guess as to when that was.  Hernandez did not recall what the formula was but described its effect as "the more hours you worked, the less the hourly rate for overtime."  Hernandez instructed his subordinates to explain the coefficient formula to newly hired collectors so they would understand how they were being paid for overtime.  He himself also explained the formula to new collectors.  Finally, Hernandez testified that he heard multiple people at NFS use the term "Chinese" time, he understood that they were referring to overtime pay  and he would correct them and tell them that it was called the coefficient system.

      NFS makes several arguments in opposition to conditional certification.  The Court finds that none of these arguments have merit.  NFS points to the fact that it does not concede the existence of a common plan and challenges the sufficiency of the evidence that there are other individuals similarly situated to Plaintiffs.  Whether or not NSF concedes the existence of a common plan, the testimony of its 30(b)(6) witnesses provides ample support for this Court to conclude for present purposes and on the information thus far furnished that there was a common policy and that there are other individuals similarly situated to Plaintiffs.  The coefficient system was, according to these witnesses, (1) contained in NSF's employee handbook; (2) was explained to all newly hired collectors so they would know how overtime was calculated at approximately one half their normal hourly rate and the more they worked, the less they were paid per hour for overtime; and (3) was in effect for at least two years.  In reaching this conclusion, the Court has taken into account that class discovery has not been conducted pursuant to the ruling of the Magistrate Judge assigned to this matter, as well as the fact that at this juncture in the litigation,

the Court is merely required to make a preliminary finding that the proposed plaintiffs are similarly situated.[1]  *See, e.g. Patton,* 364 F. Supp. 2d at 268.

As evident by the above discussion, the evidence of a common policy in this case is limited to the use of the coefficient system for the payment of overtime.  Plaintiffs' proposed class definition refers to employees who have not been paid wages, "both for hours worked and overtime."  Although the complaint alleges that NFS did not maintain proper records of hours worked, Plaintiffs have not offered any evidence of a common policy or plan to not pay wages for hours worked.[2]  Moreover, neither party has addressed that issue on this motion.  Accordingly, the Court shall preliminarily certify as a collective action pursuant to 29 U.S.C. § 216(b) all persons who were employed as debt collectors by NFS in New York State during the longest period of time permitted by the applicable statute of limitations[3] and who were paid overtime wages in accordance with NFS's coefficient formula.  The Class shall not include NFS's directors, officers or members of their families.

## IV.  *Applicable Legal Principles for Rule 23 Class Certification*

Class action certification is governed by Federal Rule of Civil Procedure 23.  A moving party must satisfy all four prerequisites to certification contained in Rule 23(a).  Additionally, the

---

[1] Because class discovery has not been conducted, the Court is underwhelmed by Defendant's argument that it should apply a heightened level of scrutiny to determine whether or not the collective action should be allowed to proceed.

[2] The Court assumes that the claim that Plaintiffs' were not paid wages for hours worked relates to non-overtime hours; it is, however, unclear.

[3] Under the FLSA, the statute of limitations is two years, except if the violation was willful, in which case the statute of limitations is three years.  29 U.S.C. § 255(a).  It is inappropriate for the Court at this juncture to determine whether the purported violation was willful.

class must be maintainable as defined in Rule 23(b).

Class certification may be granted only if the court "is satisfied after a 'rigorous analysis' that the Rule 23 requisites have been satisfied." *Selby v. Principal Mut. Life Ins. Co.*, 197 F.R.D. 48, 54 (S.D.N.Y. 2000), *recons. denied*, 2000 WL 1863760 (S.D.N.Y. Dec. 20, 2000); *see Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982). Plaintiffs bear the burden of establishing the requirements of Rule 23 and failure to meet any one of the necessary criteria will defeat the motion. *See Ansari v. New York Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y. 1998). While Rule 23 does not authorize a court to inquire into the merits of a suit, the court may go beyond the pleadings and consider the range of proof necessary to support class certification. *Daniels v. City of New York*, 2001 WL 62893, at *2 n.5 (S.D.N.Y. Jan. 25, 2001) (citing *Falcon*, 457 U.S. at 157, 160). Finally, courts have considerable discretion in determining whether to certify a class. *See Pecere v. Empire Blue Cross & Blue Shield*, 194 F.R.D. 66, 69 (E.D.N.Y. 2000).

### A.  Rule 23(a)

The four prerequisites of class certification contained in Rule 23(a) are:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

#### 1.  Numerosity

For a court to certify a class, Rule 23(a)(1) requires a finding that the numerosity of the members of the putative class makes joinder of all its members "impracticable." *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir.1993). Impracticable, in this context, simply means difficult

or inconvenient. *See id.; Primavera Familienstiftung v. Askin*, 178 F.R.D. 405, 409 (S.D.N.Y. 1998). Plaintiffs need not provide a precise quantification of their class, so long as they "show some evidence of or reasonably estimate the number of class members." *See Pecere*, 194 F.R.D. at 69 (internal quotation marks omitted). Generally, a class composed of more than forty members satisfies the numerosity requirement. *See Trief v. Dun & Bradstreet Corp.,* 144 F.R.D. 193, 198 (S.D.N.Y. 1992).

### 2. Common Questions of Law or Fact

The "commonality" prerequisite of Rule 23(a)(2) requires that Plaintiffs show the existence of an aggrieved class of plaintiffs by showing that there are questions of law or fact common to the class. *Bishop v. New York City Dep't of Housing Pres. & Dev.*, 141 F.R.D. 229, 237 (S.D.N.Y. 1992). The "centrality" of one common issue may be sufficient to satisfy this element. *See In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 166-67 (2d Cir. 1987); *see D'Alauro v. GC Serv. Ltd. P'ship*, 168 F.R.D. 451, 456 (E.D.N.Y. 1996) ("The critical inquiry is whether the common questions are at the 'core' of the cause of action alleged."). Where the injuries complained of by named plaintiffs allegedly result from the same unconstitutional pattern, practice, or policy of the defendants, the commonality requirement is usually satisfied. *See Marisol A. v. Giuliani*, 126 F.3d 372, 376-77 (2d Cir. 1997) (per curiam) (commonality satisfied with respect to putative class of children who would be at risk of abuse or neglect while in custody of city administration for children's services where injuries to children were alleged to have arisen "from a unitary course of conduct by a single system"); *D'Alauro*, 168 F.R.D. at 456 ("[W]here the question of law involves standardized conduct of the defendant to the plaintiff, a common nucleus of operative fact is typically presented and the commonality requirement is

usually met." (internal quotation marks and alterations omitted)).

### 3. Typicality

The typicality requirement of 23(a)(3) is satisfied when "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendants' liability." *Pecere*, 194 F.R.D. at 71 (internal quotation marks omitted); *see Ray M. v. Board of Educ.*, 884 F. Supp. 696, 699 (E.D.N.Y. 1995). This prerequisite "does not require that the factual background of each named plaintiff's claim be identical to that of all class members; rather, it requires that the disputed issue of law or fact occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class." *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 293 (2d Cir. 1999) (internal quotation marks omitted). Where "it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff[s] and the class sought to be represented, the typicality requirement is usually met," notwithstanding certain variations in the fact patterns underlying the individual claims. Robidoux, 987 F.2d at 936-37.

### 4. Adequacy of Representation

The adequacy-of-representation prerequisite of Rule 23(a)(4) is measured by two standards. First, plaintiffs' interests must not be antagonistic to those of other members of the class. Second, plaintiffs' attorneys must be qualified, experienced and able to conduct the litigation. *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000); *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir. 1992).

**B. Rule 23(b)**

In addition to Rule 23(a), a class action must qualify under one of the alternatives set forth in Rule 23(b). Here, Plaintiffs rely on Rule 23(b)(3), under which a class action may be maintained if

> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b)(3).

For a class to be certified under Rule 23(b)(3), Plaintiffs must demonstrate both (1) that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and (2) that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**1. Predominance**

"To meet the predominance requirement of Rule 23(b)(3), a plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject only to individualized proof." *In re Visa Check/MasterMoney Antitrust Litig.,* 280 F.3d 124, 136 (2d Cir. 2001) (quotation marks and citation omitted). The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation," *Moore v. PaineWebber, Inc.,* 306 F.3d 1247, 1252 (2d Cir. 2002), and "all factual or legal issues that are common to the class inform the analysis." *In re Nassau County Strip Search Cases,* 461 F.3d 219, 227 (2d Cir. 2006). "[A]n issue is common to the class when it is susceptible to generalized, class-wide proof." *Id.*

Moreover, "when plaintiffs are 'allegedly aggrieved by a single policy of defendants' . . . the case presents 'precisely the type of situation for which the class action device is suited ' since many nearly identical litigations can be adjudicated in unison. *Id.* at 228 (quoting *In re Visa Check,* 280 F.3d at 146).

### 2. Superiority

Certification of a class under Rule 23(b)(3) requires a court to find that a class action is the most "fair and efficient method" of resolving the case. *See* Fed. R. Civ. P. 23(b)(3). In reaching that conclusion, "courts must consider four nonexclusive factors: (1) the interest of the class members in maintaining separate actions; (2) 'the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;' (3) 'the desirability of concentrating the litigation of the claims in the particular forum;' and (4) 'the difficulties likely to be encountered in the management of a class action." *In re Nassau County*, 461 F.3d at 231.

### V. Proposed Definition of the Class

Plaintiffs seek certification of a class with respect to the claims asserted pursuant to the New York Labor Law. The proposed class definition is all persons employed by NFS during the longest period of time permitted by the applicable statute of limitations in New York State who were non-exempt employees within the meaning of the New York Labor Law and have not been paid wages for overtime in violation of the New York Labor Law.[4]

---

[4] Although Plaintiffs' proposed class definition contains reference to employees not paid wages "both for hours worked and overtime," the Court, like the parties shall address only the overtime claims and not the wages not paid for hours worked claims. *See* discussion at p.8 *supra*.

*VI. Availability of a Class Action for Violations of New York Labor Law*

As a preliminary matter, NFS argues that (1) because the statute under which Plaintiffs seek relief provides for liquidated damages, section 901 of the New York Civil Practice Law and Rules ("CPLR") precludes class certification; and (2) Plaintiffs' offer to waive liquidated damages is insufficient to avoid that bar.

Section 663(1) of the New York Labor Law provides:

> If any employee is paid by his employer less than the wages to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees as may be allowed by the court, and if such underpayment was willful, an additional amount as liquidated damages equal to twenty-five percent of the total of such underpayments found to be due him and any agreement between him and his employer to work for less than such wage shall be no defense to such action.

N.Y. Labor Law § 663(1).

Section 901(b) of the New York CPLR provides that "[u]nless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty or minimum measure of recovery created or imposed by statute may not be maintained as a class action." N.Y.C.P.L.R. § 901(b).[5]

On its face, CPLR 901 would appear to preclude class certification of claims under § 663(1) because §663(1) does not authorize the recovery of liquidated damages in a class action. Although the New York Court of Appeals has not ruled on the matter, the Court notes that

---

[5]Section 901(b) is arguably substantive and has been found by some district courts to apply in similar circumstances even though a certification motion is governed by the requirements of Fed. R. Civ. P. 23. *See Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 95 (S.D.N.Y.2001); *Dornberger v. Met. Life Ins. Co.,* 182 F.R.D. 72 (S.D.N.Y. 1998).

14

several New York Appellate Division decisions, as well as several federal district court decisions, have held that "[a]lthough section 901 precludes the use of the class action mechanism where the underlying statute provides for a penalty, section 901 is not a *complete* bar to certification. Rather courts have found that where the plaintiffs have 'offered to waive any right to recover liquidated damages as a condition of being certified, New York law authorizes certification.'" *Noble v. 93 University Place Corp.,* 224 F.R.D. 330, 341 (S.D.N.Y. 2004) (quoting *Ansoumana v. Gristede's Operating Corp.,* 201 F.R.D. 81, 95 (S.D.N.Y. 2001)). *See, e.g., Jacobs v. Macy's East, Inc.,* 17 A.D.3d 318 (2d Dept. 2005); *Pesantez v. Boyle Environmental Svcs., Inc.,* 251 A.D.2d 11 (1st Dept. 1998).

It is unnecessary, at this juncture, for the Court to decide whether CPLR 901 precludes certification and whether an offer to waive is sufficient because, as discussed below, Plaintiffs have not met the requirements of Fed. R. Civ. P. 23.

### VII. *Plaintiffs Have Not Met the Requirements of Rule 23*

As set forth above, the first requirement under Rule 23(a) for class certification is numerosity, i.e., the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiffs bear the burden of submitting evidence of numerosity. Although evidence of exact size or identity of class members is not required, *see Robidoux,* 987 F.2d at 935, evidence of numerosity is nonetheless required. Where the "plaintiff's assertion of numerosity is based on pure speculation or bare allegations, the motion for class certification fails." *Velez v. Majik Cleaning Serv. Inc.,* 2005 U.S. Dist. Lexis 709, *8 (S.D.N.Y. 2005) (quoting *Edge v. C. Tech Collections, Inc.,* 203 F.R.D. 85, 89 (E.D.N.Y. 2001)).

Here, Plaintiffs have submitted no evidence of numerosity. There is no *evidence* as to the number of debt collectors employed by Defendant in New York. For example, Plaintiffs' affidavits do not address, in any manner, the number of debt collector's employed by Defendant at any particular time. Plaintiffs' memorandum merely states that "[t]he precise number of such persons is unknown (although it is suspected that the number exceeds 40 people), and the facts on which the calculation of that number can be precisely made are presently within the sole control of NFS." The Court is cognizant that the subpoena served by Plaintiff on Defendant's independent payroll servicer, in an effort to obtain payroll records which presumably would aid in determining the number of potential class members, was quashed by the Magistrate Judge. However, plaintiffs' discovery difficulties do not relieve them of their obligation of satisfying Rule 23's requirements. For whatever reason, Plaintiffs did not file objections to the Magistrate Judge's ruling. The Court will not speculate as to whether the possibility of satisfaction exists.

Plaintiffs' having failed to satisfy the first requirement under Rule 23(a), the Court need go no further. The motion for class certification is denied without prejudice. *See generally In re Initial Public Offering Securities Litigation,* 483 F.3d 70, 73 (2d Cir. 2007) (noting district's court authority to revisit class certification ruling). Accordingly, Plaintiffs' concomitant discovery demands are also denied without prejudice.[6]

### *Conclusion*

For the reasons set forth above, Plaintiff's motion for certification of a collective action is granted to the extent the Court shall preliminarily certify as a collective action pursuant to 29

---

[6] The Court notes, however, that in order to enable Plaintiff to send notice of the collective action, additional discovery, related to the collective action, will be necessary.

U.S.C. § 216(b) all persons who were employed as debt collectors by NFS in New York State during the longest period of time permitted by the applicable statute of limitations[7] and who were paid overtime wages in accordance with NFS's coefficient formula.  The Class shall not include NFS's directors, officers or members of their families.  The motion for class certification pursuant to Fed. R. Civ. P. 23 is denied without prejudice.

This matter is referred to Magistrate Judge Lindsay to oversee discovery as to the collective action and the sending of notices.

**SO ORDERED.**

Dated: Central Islip, New York
August 23, 2007

/s/
Denis R. Hurley
Senior District Judge

---

[7] Under the FLSA, the statute of limitations is two years, except if the violation was willful, in which case the statute of limitations is three years.  29 U.S.C. § 255(a).  It is inappropriate for the Court at this juncture to determine whether the violation was willful.